UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

| | |
|---|---|
| PATRICK MARTINEZ, | INDEX NO. |
| Plaintiff, | **COMPLAINT** |
| LINCOLN PARK JEWISH CENTER, INC., | JURY TRIAL DEMANDED |
| Defendant. | |

------------------------------------------------------------------------X

Plaintiff PATRICK MARTINEZ ("Plaintiff"), as and for his Complaint against Defendant LINCOLN PARK JEWISH CENTER, INC. ("LPJC" or "Defendant"), by his attorneys, The Law Offices of Daniel Felber, allege as follows:

### NATURE OF THE ACTION

1. Plaintiff bring this action seeking monetary damages based upon Defendants' violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201 et seq. (hereinafter the "FLSA"); the New York Labor Law §§ 190 et seq., 650 et seq. and 215 (the "NYLL"); the New York Department of Labor Regulations, 12 N.Y.C.R.R. § 142-2.2; and other applicable rules, regulations, statutes, and ordinances.

2. Plaintiff alleges, pursuant to the FLSA, that he is entitled to recover from Defendants: (a) statutory overtime for all hours worked in excess of forty nine and one-half hours per week; (b) liquidated damages in an equal amount; (c) pre- and post-judgment interest; and (d) reasonable attorney fees and costs of litigation.

3. Plaintiff alleges, pursuant to the NYLL, that he is entitled to recover from Defendants: (a) statutory overtime for all hours worked in excess of forty nine and one-half hours per week; (b) "spread of hours" pay for each day worked in excess of ten hours per day; (c)

liquidated damages; (d) pre- and post-judgment interest; and (e) reasonable attorney fees and costs of litigation.

4. Plaintiff has initiated this action, seeking for himself all the relief to which he is entitled.

## JURISDICTION AND VENUE

5. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1357, in that Plaintiff is asserting claims under the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq*. ("FLSA"). This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a).

6. Venue in the Southern District of New York is appropriate pursuant to 28 U.S.C. § 1391(b), in that a substantial part of the events giving rise to Plaintiff's claims occurred within the Southern District of New York.

## THE PARTIES

7. Plaintiff Patrick Martinez is a resident of the State of New York, resides in Westchester County, New York, and at all times relevant to this action was employed as an employee of the Defendant.

8. Defendant LPJC is, upon information and belief, a not-for-profit religious corporation conducting business as a synagogue, with its principal place of business located at 311 Central Park Avenue, Yonkers, New York.

9. Defendant directed Plaintiff's work throughout his employment

10. At all times relevant to the Complaint, Plaintiff was an "employee" within the meaning of the FLSA, 29 U.S.C. § 203(e), and NYLL §§ 190(2), 215 and 651(5).

11. Upon information and belief, and as further alleged below, the Defendant is an "enterprise engaged in commerce" within the meaning of the FLSA, 29 U.S.C. §§ 203(r)(1) and (s)(1)(A), and within the meaning of the NYLL, inasmuch as they:

  (a) perform activities for a common business purpose, to provide religious services to its congregants;

  (b) have employees who are engaged in commerce or who handle, perform services, or otherwise work with goods that have been moved in or produced for commerce nationally; and

  (c) have an annual gross volume of business done of not less than $500,000 in the ownership and operation of LPJC.

## FACTUAL ALLEGATIONS

I. PLAINTIFF'S EMPLOYMENT

12. Plaintiff repeats and re-alleges the allegations made hereinbefore.

13. On June 6, 2013 Plaintiff was hired by the Defendants to work as its custodian at its location at 311 Central Park Avenue, Yonkers, New York.

14. Plaintiff was LPJC's only employee who performed custodial services for the Defendant.

15. Plaintiff was a non-exempt employee as defined by FLSA, in that he did not perform, professional, executive, supervisory or administrative job functions.

16. At the time Plaintiff was hired by the Defendant, he was provided with a written employment agreement that set his hours of employment as follows: Monday, Tuesday and

Thursday from 6:30 am to 5:00 pm (10.5 hours per day); Friday from 6:30 am to 12:00 pm and again from 5:00 pm until 9:00 pm (9.5 hours); and Saturday from 6:30 am to 3:00 pm (8.5 hours), for a total of 49.5 hours per week ("the Agreement").

17. Plaintiff's compensation under the Agreement was $48,000 per annum. As part of Plaintiff's compensation, he was also permitted the use a custodian's apartment located at 333 Central Park Avenue, Yonkers, New York.

18. Although the Agreement identified Plaintiff as a Custodial "Supervisor", Plaintiff did not supervise any employees.

19. Upon information and belief, the Defendant employed the term 'supervisor' in the Agreement as a ploy to willfully avoid paying Plaintiff his overtime wages as an exempt employee.

20. Plaintiff never received any Department of Labor Notices regarding his status as an exempt or non-exempt employee as required by the labor laws.

21. Plaintiff regularly worked between 50 and 70 hours each week. He typically began work at approximately 6:30 a.m. and finished work at 10:00 p.m. He typically took no break for lunch, except for an occasional 15-minute break.

22. Plaintiff kept contemporaneous records of his work schedule which demonstrate the overtime hours he worked for the Defendant.

23. Plaintiff was never paid for the hours he worked in excess of the Agreement's 49.5 hours.

24. Plaintiff repeatedly complained to the Defendant that he was not receiving his legally mandated overtime wages.

25. In retaliation, on November 3, 2015, Defendant, through its President, Jack Schweizer, wrote Plaintiff a letter, terminating his employment effective December 31, 2015 and seeking his eviction from the custodian's apartment.

26. On November 6, 2015, counsel for Plaintiff transmitted a letter to Defendant alleging violations of the labor laws ("the Letter").

27. Upon information and belief, after Defendant received the Letter, it fraudulently altered its employment-related records in order to secrete evidence of Plaintiff's overtime hours.

28. Plaintiff's copy of the unaltered records demonstrates that Defendant willfully withheld Plaintiff's overtime wages.

### FIRST CAUSE OF ACTION
(Violation of the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq.*)

29. Plaintiff repeats and re-alleges the allegations made hereinbefore.

30. Defendant is an employer within the meaning of 29 U.S.C. § 203(d).

31. Pursuant to 29 U.S.C. § 207(a)(2), "[n]o employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce . . . unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

32. Plaintiff regularly worked 50 to 70 hours per week.

33. Plaintiff did not receive overtime compensation at the rate of one and one-half times his regular rates of pay.

34. Defendant did not properly report Plaintiff's actual rate of pay.

35. Defendant's records of payment of wages are incomplete and must be disregarded.

36. Defendants willfully failed to pay overtime compensation in violation of the FLSA.

37. Defendants are therefore liable to the named Plaintiffs for overtime compensation in an amount to be determined at trial, plus liquidated damages in an equal amount, plus their

reasonable attorney fees and litigation costs.

## SECOND CAUSE OF ACTION
(Violations of the NYLL §§ 190, *et seq.*, 652 and 12 NYCRR § 142-2.2)

38. Plaintiff repeats and re-alleges the allegations made hereinbefore.

39. Defendant is an employer within the meaning of NYLL §§ 190(3) and 651(6).

40. Pursuant to the New York Department of Labor regulations, "[a]n employer shall pay an employee for overtime at a wage rate of one and one-half times the employee's regular rate in the manner and methods provided in . . . [the FLSA] . . . ." 12 N.Y.C.C.R. § 142-2.2.

37. NYLL § 663, as amended in 2010, provides that "[i]f any employee is paid by his or her employer less than the wage to which he or she is entitled under the provisions of this article, he or she shall recover in a civil action the amount of any such underpayments, together with costs all reasonable attorney's fees, prejudgment interest as required under the civil practice law and rules, and unless the employer proves a good faith basis to believe that its underpayment of wages was in compliance with the law, an additional amount as liquidated damages equal to one hundred percent of the total of such underpayments found to be due."

38. Plaintiff regularly worked 50-70 hours per week.

39. Plaintiff did not receive overtime compensation at the rate of one and one-half times their regular rates of pay.

40. Defendants failed to pay overtime compensation in violation of the NYLL and the Department of Labor regulations incorporated therein.

41. Upon information and belief, Defendants' failure to pay overtime compensation was willful to deprive Plaintiff of the compensation to which he was entitled pursuant to the NYLL and the Department of Labor regulations incorporated therein.

42. Defendant is therefore liable to Plaintiff for unpaid overtime compensation in an amount to be determined at trial, plus liquidated damages allowed by the NYLL, statutory prejudgment interest, and their reasonable attorney fees and litigation costs.

### THIRD CAUSE OF ACTION
(Failure to Pay Spread of Hours Pay - 12 N.Y.C.C.R. § 142-2.4)

43. Plaintiff repeats and re-alleges the allegations made hereinbefore.

44. Pursuant to the New York Department of Labor regulations "[a]n employee shall receive one hour's pay at the basic minimum hourly wage rate . . . for any day in which: (a) the spread of hours exceeds 10 hours; or (b) there is a split shift; or (c) both situations occur." 12 N.Y.C.C.R. § 142-2.4.

45. In 2010 the legislature explicitly incorporated the Department of Labor regulations into the NYLL. See NYLL § 2(16) [second provision] ("All references to labor law, chapter, article or section shall be deemed to include any rule, regulation or order promulgated thereunder or related thereto.").

46. Plaintiff regularly worked in excess of ten hours per day.

47. Defendant did not pay Plaintiff his "spread of hours" pay for the days he worked in excess of ten hours.

48. Defendant failed to pay "spread of hours" pay in violation of the NYLL and the Department of Labor regulations incorporated therein.

49. Defendant is therefore liable to Plaintiff for unpaid spread of hours pay in an amount to be determined at trial, plus liquidated damages allowed by the NYLL, statutory prejudgment interest, and their reasonable attorney fees and litigation costs.

## FOURTH CAUSE OF ACTION
(Retaliatory Termination of Employment)

50. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs, with the same force and effect as if fully set forth herein.

51. Plaintiff complained to Defendants about not receiving his just compensation and wages.

52. Plaintiff was terminated in retaliation for these protected complaints in violation of Labor Law § 215.

53. Accordingly, Plaintiff is entitled to compensatory and consequential damages and interest in an amount to be determined at trial, in addition to reasonable costs, attorneys' fees and statutory liquidated damages.

**WHEREFORE**, based on the foregoing, Plaintiff respectfully requests that this Court enter judgment against Defendants awarding Plaintiff:

A. On the FIRST CAUSE OF ACTION, compensatory damages in an amount to be proven at trial, liquidated damages equal to 100% of the compensatory damages, interest, and reasonable costs and attorney's fees;

B. On the SECOND CAUSE OF ACTION, compensatory damages in an amount to be determined at trial and liquidated damages equal to 100% of the compensatory damages, interest and reasonable costs and attorney's fees;

C. On the THIRD CAUSE OF ACTION, compensatory damages and interest in an amount to be determined at trial; and

D. On the FOURTH CAUSE OF ACTION, compensatory damages and interest in an amount to be determined at trial; and

E. All such other relief as this Court deems just and proper.

Dated: New York, New York
       January 14, 2016

                          THE LAW OFFICES OF DANIEL FELBER
                          *Counsel for Plaintiff*

                        By: *Daniel Felber*
                            Daniel M. Felber (DF3027)
                          100 Park Avenue, Suite 1600
                          New York, New York 10017
                          Tel: 212.425.4250
                          Fax: 212.880.6499