# EXHIBIT "A"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------X

PATRICK MARTINEZ,

                            Plaintiff,

              -against-                     Case No.: 16-CV-00286 (KMK)

LINCOLN PARK JEWISH CENTER, INC.,

                         Defendants.

---------------------------------------------------------------X

## NEGOTIATED SETTLEMENT AGREEMENT AND MUTUAL RELEASE

            Plaintiff Patrick Martinez and Defendant Lincoln Park Jewish Center, Inc. ("Defendant" and together with Plaintiff referred to herein as "the Parties") desire to settle and resolve all employment-related claims that have been or could have been brought and have reached a compromise settlement agreement to dispose of all such claims, including but not limited to, all claims against Defendant in the lawsuit captioned Patrick Martinez v. Lincoln Park Jewish Center, Inc., Case No.: 16-CV-00286 (KMK), pending in the United States District Court for the Southern District of New York ("Lawsuit"). Therefore, in consideration of the foregoing, Plaintiff and Defendant agree as follows:

       1.    **Consideration.**  In consideration for Plaintiff's timely signing this Negotiated Settlement Agreement and Release ("Agreement") and complying with the promises made by Plaintiff contained in this Agreement, including the release and waiver of employment-related claims, Defendant agrees to provide Plaintiff with a release and waiver of employment-related claims and the total settlement sum of Fifty-Five Thousand Dollars and Zero Cents ($55,000.00) ("the Settlement Amount").  The Settlement Amount is in consideration for and in full satisfaction of all employment-related claims, including but not limited to wage and hour claims, that Plaintiff may have against Defendant, known or unknown, asserted or unasserted, through the date of his complete execution of the Agreement.  Such payment shall be apportioned as follows:

                (a) A payment to "Patrick Martinez" in the amount of Thirty-Six Thousand Three Hundred Fifty-Six Dollars and Seventy-Five Cents ($36,356.75), less applicable taxes and withholdings;

                (b) A check made payable to "The Law Offices of Daniel Felber" in the amount of Eighteen Thousand Six Hundred Forty-Three Dollars and Twenty-Five Cents ($18,643.25), representing legal fees, costs and disbursements;

                (c) For tax purposes, the payment to Plaintiff shall be treated as back wages and

subject to Form W-2 reporting; and

(d) The payments set forth in in paragraph 1(a) and 1(b) shall be sent to Plaintiff's counsel of record, The Law Offices of Daniel Felber, within thirty (30) days of the latest of the following: (i) Defendant's counsel is in receipt from Plaintiff of two (2) originals of this Agreement executed by Plaintiff; (ii) the date Defendant's counsel receives fully executed forms W-9 from Plaintiff and Plaintiff's counsel; and (iii) Defendant's counsel is in receipt of notice of the Court's approval of all terms of the Agreement and also in receipt of the Stipulation and Order of Final Dismissal with Prejudice of Plaintiff's Claims in the form attached hereto as Exhibit "A" signed and entered by the Court.

2.  **No Consideration Absent Execution of this Agreement.** Plaintiff understands and agrees that Plaintiff would not receive the monies specified in paragraph "1" above, except for Plaintiff's execution of this Agreement and the fulfillment of the promises contained herein.

3.  **Tax Liability.** Plaintiff shall be solely responsible for the payment of all taxes, interest, penalties and other liabilities or costs, except for any employer-paid payroll taxes, that may be assessed against him upon such settlement sum set forth in Paragraph 1 above. Plaintiff further agrees to indemnify and hold Defendant harmless against the payment of any such taxes, interest, penalties and other liabilities or costs owed by Plaintiff, but specifically excluding any employer-paid payroll taxes, that may be assessed against him in connection with those sums. Plaintiff acknowledges that he has not relied on any oral or other representations made by Defendant or its counsel regarding the tax consequences of any of the amounts paid pursuant to this Agreement.

4.  **Releases.** Except with respect to the obligations contained in this Agreement, the Parties enter into mutual releases as follows:

a.  **Release of Employment-Related Claims by Plaintiff of Defendant Releasees.**

i.      Plaintiff shall withdraw, in writing and with prejudice, all complaints, appeals, suits, actions, charges, allegations, claims, and/or proceedings that he has instituted against Defendant Lincoln Park Jewish Center, Inc. and any and all insurers, and their respective present and former officers, directors, principals, trustees, administrators, executors, agents, owners, shareholders, attorneys, employees, associates, successors, heirs and assigns, individually and in their official capacities as well as any employee benefit plans sponsored or maintained by Lincoln Park Jewish Center, Inc. or plan administrators of such plans (collectively "Defendant Releasees"), including but not limited to the Lawsuit. Plaintiff authorizes his counsel to sign the Stipulation and Order of Final Dismissal with Prejudice as to Defendant Releasees in the form attached hereto as Exhibit "A." Plaintiff warrants that he has not filed or caused to be filed, and is not presently a party to any charge, complaint, appeal, suit, action, allegation, claim and/or proceeding against Defendant Releasees in any form or forum other than the Lawsuit, which Plaintiff agrees to dismiss with prejudice as to Defendant Releasees. In the event that, for any reason, any complaint, appeal, suit, action, charge, claim and/or proceeding,

2

including the Lawsuit, is not wholly and finally dismissed with prejudice as to Defendant Releasees, Plaintiff shall not obtain or accept any recovery or relief therefrom.

                ii.     Plaintiff knowingly and voluntarily releases and forever discharges Defendant Releasees of and from any actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, bonuses, controversies, agreements, promises, judgments, obligations, grievances, claims, charges, complaints, appeals and demands whatsoever, in law or equity, which he has or may have against Defendant Releasees with respect to his employment by Defendant as of the date of execution of this Agreement, whether known or unknown, asserted or unasserted, including, but not limited to, any alleged violation of: The National Labor Relations Act, 29 U.S.C. § 151 et seq.; The Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq. (except for any vested benefits under any tax qualified benefit plan including any pension or 403(b) plan in which Plaintiff participates); Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.; The Civil Rights Act of 1991, Pub. L. No. 102-166; Sections 1981 through 1988 of Title 42 of the United States Code, 42 U.S.C. §§ 1981-1988; The Equal Pay Act of 1963, 29 U.S.C. § 206(d); The Vocational Rehabilitation Act of 1973, 29 U.S.C. § 791 et seq.; The Age Discrimination In Employment Act of 1967, 29 U.S.C. § 621 et seq.; The Americans With Disabilities Act of 1990, 42 U.S.C. § 12101 et seq.; The Americans with Disabilities Act Amendments Act; The Occupational Safety and Health Act of 1970, 29 U.S.C. § 651 et seq.; The Consolidated Omnibus Budget Reconciliation Act of 1985, 29 U.S.C. § 1161 et seq.; The Immigration Reform and Control Act, as amended; The Workers Adjustment Retraining Notification Act, as amended; The Sarbanes-Oxley Act of 2002; The Fair Credit Reporting Act; The Family and Medical Leave Act of 1993, 29 U.S.C. §2601 et seq.; The Fair Labor Standards Act, as amended; New York State Human Rights Law – N.Y. Executive Law, Art. 15, Vol. 14, § 290-301; New York Rights of Persons With Disabilities – N.Y. Stat., Art. 4-b of the Civil Rights Law, Vol. 5, § 47 et seq.; New York Confidentiality of Records of Genetic Tests – N.Y. Stat., Vol. 5, Civil Rights, Art. 7, § 79-1; New York Whistleblower – N.Y. Labor Law, § 740(1) et seq.; The New York Equal Pay Law, as amended; New York Statutory Provision Regarding Retaliation/Discrimination for Filing a Workers' Compensation Claim – Workers' Comp. Law § 125(1) et seq.; N.Y. Stat., Labor Law, Vol. 20, Art. 7, § 201-c; New York Equal Pay Law – N.Y. Stat., Vol. 20, Labor Law, Art. 6 § 194 et seq.; New York Equal Rights Law – N.Y. Stat., Vol. 5, Civil Rights, Art. 4, § 40-c et seq.; The New York State Civil Rights Act; The New York State Labor Relations Act; the general regulations of the New York State Division of Human Rights – New York Code of Rules and Regulations, Title 9, § 466; The New York State Labor Law; The New York Wage Hour and Wage Payment Laws; The New York Minimum Wage Law, as amended N.Y. Labor Law, Art. 19, § 651 et seq.; The New York City Administrative Code, Title 8, Chapter 1; The Code of Rules and Regulations of the State of New York, 12 N.Y.C.R.R. §§ 142-2.2 and 142-2.4; The New York City Civil Rights Law, Civil Rights Law § 40; The New York Occupational Safety and Health Laws; The New York Workers' Compensation Law; The New York Non-Discrimination for Legal Activities Law, N.Y. Labor Law, § 201-d; The New York State Constitution and amendments thereto; any other federal, state, city or local human rights, civil rights, wage-hour, wage-payment (and all wage orders and interpretations), pension, employee benefits, labor or other laws, rules, regulations, constitutions, or ordinances; any employment-related public policy, contract (whether oral or written, express or implied) or tort law, or any employment-related claim arising under the common law; any claim for costs, fees, or other expenses, including attorneys' fees arising from the foregoing; or any other

employment-related claim against Defendant Releasees, based upon any conduct occurring up to and including the date of the complete execution of this Agreement;

iii. In the event that Plaintiff institutes, is a party to, or is a member of a class that institutes any employment-related claim or action against Defendant Releasees, or any of them, arising from any conduct which predates this Agreement, Plaintiff agrees that his claims shall be dismissed or class membership terminated immediately upon presentation of this Agreement, and he shall execute any papers necessary to achieve this end.

b. **Release of Employment-Related Claims by Defendant of Plaintiff Releasees**. Lincoln Park Jewish Center, Inc. releases and forever discharges Plaintiff, his heirs, executors, administrators and assigns (collectively "Plaintiff Releasees"), of and from any employment-related claims whatsoever, in law or equity, which Lincoln Park Jewish Center, Inc. has or may have against Plaintiff Releasees as of the date of execution of this Agreement, whether known or unknown, asserted or unasserted, including any federal, state, city or local human rights, civil rights, wage-hour, wage-payment (and all wage orders and interpretations), pension, employee benefits, labor or other laws, rules, regulations, constitutions, or ordinances; any employment-related public policy, contract (whether oral or written, express or implied) or tort law, or any employment-related claim arising under the common law; any claim for costs, fees, or other expenses, including attorneys' fees arising from the foregoing; or any other employment-related claim against Plaintiff Releasees, based upon any conduct occurring up to and including the date of the complete execution of this Agreement.

5. **Acknowledgments and Affirmations.** Plaintiff affirms that he has none of Defendant's property, documents, and/or confidential information in his possession or control. Plaintiff also affirms and agrees that he is in possession of all of his property that he had at Defendant, and that Defendant is not in possession of any of his property.

Plaintiff affirms that as of the date Plaintiff signs this Agreement, Plaintiff is not Medicare eligible (i.e., is not 65 years of age or older; is not suffering from end-stage renal failure; has not received Social Security Disability Insurance benefits for 24 months or longer, etc.). Plaintiff understands that this affirmation is a material term of this Agreement, without which Defendant would not have agreed to enter into this Agreement. Based on these representations made by Plaintiff, Plaintiff and Defendant have determined that Medicare has no interest in any payment made under this Agreement and no reporting is required to Medicare. Nonetheless, if the Centers for Medicare & Medicaid Services (the "CMS") (this term includes any related agency representing Medicare's interests) determines that Medicare has an interest in the payment to Plaintiff under this Agreement, Plaintiff agrees to indemnify, defend and hold Defendant harmless from any action by the CMS relating to medical expenses of Plaintiff. Plaintiff agrees to reasonably cooperate with Defendant upon request with respect to any claim the CMS may make and for which Plaintiff is required to indemnify Defendant, or any of them, under this Section. Further, Plaintiff agrees to waive any and all future actions against Defendant for any private cause of action for damages pursuant to 42 U.S.C. § 1395y(b)(3)(A).

4

Both parties acknowledge that this Agreement does not limit either party's right, where applicable, to file or participate in an investigative proceeding of any federal, state or local governmental agency. To the extent permitted by law, Plaintiff agrees that if such an administrative claim is made, Plaintiff shall not be entitled to recover any individual monetary relief or other individual remedies.

6. **Procedure.** After this Agreement and the Stipulation and Order of Final Dismissal with Prejudice ("the Stipulation") are fully-executed by the Parties, the Parties will jointly submit the Agreement and Stipulation to the Court for the Court's consideration and approval. The Court's approval of all provisions of this Agreement is a material term of this Agreement.

7. **Governing Law and Interpretation.** This Agreement shall be governed and conformed in accordance with the laws of the state of New York without regard to its conflict of laws provision. The Court shall retain jurisdiction over actions or proceedings based upon, including the enforcement of, this Agreement or any of its terms. In the event of a breach of any provision of this Agreement, any party may institute an action specifically to enforce any term or terms of this Agreement and/or to seek any damages for breach. Should any provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, excluding the release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

8. **Nonadmission of Wrongdoing.** The Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by Releasees of wrongdoing or evidence of any liability or unlawful conduct of any kind.

9. **Amendment.** This Agreement may not be modified, altered or changed except in writing and signed by all Parties wherein specific reference is made to this Agreement.

10. **Entire Agreement.** This Agreement sets forth the entire agreement between the Parties hereto, and fully supersedes any prior agreements or understandings between the Parties. Plaintiffs acknowledge that they have not relied on any representations, promises, or agreements of any kind made to Plaintiffs in connection with their decision to accept this Agreement, except for those set forth in this Agreement.

11. **Counterparts.** This Agreement may be executed in counterparts with all counterparts constituting the entire Agreement and with the same full force and effect as if this Agreement were not executed in counterparts. Electronic and facsimile signatures shall be deemed as originals.

**PLAINTIFF IS HEREBY ADVISED IN WRITING THAT HE IS AFFORDED UP TO TWENTY-ONE (21) CALENDAR DAYS TO CONSIDER THIS AGREEMENT. PLAINTIFF AGREES THAT ANY MODIFICATIONS, MATERIAL OR OTHERWISE, MADE TO THIS AGREEMENT DO NOT RESTART OR AFFECT IN ANY MANNER**

THE ORIGINAL TWENTY-ONE (21) CALENDAR DAY CONSIDERATION PERIOD.

PLAINTIFF MAY REVOKE THIS RELEASE FOR A PERIOD OF SEVEN (7) CALENDAR DAYS FOLLOWING THE DAY THAT PLAINTIFF SIGNS THIS RELEASE. ANY REVOCATION WITHIN THIS PERIOD MUST BE SUBMITTED, IN WRITING, TO JENNIFER COURTIAN, ESQ., JACKSON LEWIS P.C., 666 THIRD AVENUE, 29TH FLOOR, NEW YORK, NEW YORK, 10017.

HAVING ELECTED TO EXECUTE THIS AGREEMENT AND TO FULFILL THE PROMISES SET FORTH HEREIN AND TO RECEIVE THEREBY THE SETTLEMENT SUMS AND OTHER CONSIDERATION IN PARAGRAPH "2" AND OTHER VOLUNTARY BENEFITS SET FORTH IN THIS AGREEMENT, PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION AND DISCUSSION WITH HIS ATTORNEY ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS HE HAS OR MIGHT HAVE AGAINST DEFENDANT RELEASEES.

    The Parties knowingly and voluntarily sign this Agreement as of the date(s) set forth below:

PATRICK MARTINEZ

Dated: _____, 2016     _____

                  Patrick Martinez

           LINCOLN PARK JEWISH CENTER, INC.

Dated: NOV. 18, 2016     By: _Jack Schwerz_, PRESIDENT

THE ORIGINAL TWENTY-ONE (21) CALENDAR DAY CONSIDERATION PERIOD.

PLAINTIFF MAY REVOKE THIS RELEASE FOR A PERIOD OF SEVEN (7) CALENDAR DAYS FOLLOWING THE DAY THAT PLAINTIFF SIGNS THIS RELEASE. ANY REVOCATION WITHIN THIS PERIOD MUST BE SUBMITTED, IN WRITING, TO JENNIFER COURTIAN, ESQ., JACKSON LEWIS P.C., 666 THIRD AVENUE, 29TH FLOOR, NEW YORK, NEW YORK, 10017.

HAVING ELECTED TO EXECUTE THIS AGREEMENT AND TO FULFILL THE PROMISES SET FORTH HEREIN AND TO RECEIVE THEREBY THE SETTLEMENT SUMS AND OTHER CONSIDERATION IN PARAGRAPH "2" AND OTHER VOLUNTARY BENEFITS SET FORTH IN THIS AGREEMENT, PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION AND DISCUSSION WITH HIS ATTORNEY ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS HE HAS OR MIGHT HAVE AGAINST DEFENDANT RELEASEES.

The Parties knowingly and voluntarily sign this Agreement as of the date(s) set forth below:

PATRICK MARTINEZ

Dated: 11-22 , 2016

Patrick Martinez

LINCOLN PARK JEWISH CENTER, INC.

Dated: _____ , 2016          By: _____

# EXHIBIT "A"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

PATRICK MARTINEZ,

                     Plaintiff,

          -against-

LINCOLN PARK JEWISH CENTER, INC.,

                     Defendants.

-----------------------------------------------------------------x

Case No.: 16-CV-00286 (KMK)

## **STIPULATION AND ORDER OF FINAL DISMISSAL WITH PREJUDICE**

              IT IS HEREBY STIPULATED AND AGREED, by and between Plaintiff Patrick

Martinez and Defendant Lincoln Park Jewish Center, Inc. that the Negotiated Settlement

Agreement and Release in this matter having been reviewed by the Court and found to be fair

and reasonable, the above-captioned action shall be dismissed as against Defendant Lincoln Park

Jewish Center, Inc. by Plaintiff in its entirety, with prejudice, in accordance with the terms of the

Negotiated Settlement Agreement and Release. The Court shall retain jurisdiction as to

enforcement of the settlement agreement.

                                Respectfully submitted,

THE LAW OFFICES OF DANIEL FELBER
100 Park Avenue, Suite 1600
New York, New York 10017
(212) 425-4250

By: *Daniel Felber*
      Daniel M. Felber

ATTORNEYS FOR PLAINTIFFS

Dated: October20, 2016

JACKSON LEWIS P.C.
666 Third Avenue, 29th Floor
New York, New York 10017
(212) 545-4000

By: _____

      Jennifer B. Courtian
      Ravindra K. Shaw

ATTORNEYS FOR DEFENDANT

Dated: October 20, 2016

2

SO ORDERED on this _____ day of _____, 2016.

_____
Hon. Kenneth M. Karas
United States District Judge

4835-1387-2435, v. 2

EXHIBIT "B"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

PATRICK MARTINEZ,

                        Plaintiff,

          -against-                       Case No.:  16-CV-00286 (KMK)

LINCOLN PARK JEWISH CENTER, INC.,

                        Defendants.

-------------------------------------------------------------x

### NEGOTIATED SETTLEMENT AGREEMENT AND MUTUAL ~~GENERAL~~ RELEASE

           Plaintiff Patrick Martinez and Defendant Lincoln Park Jewish Center, Inc. ("Defendant" and together with Plaintiff referred to herein as "the Parties") desire to settle and resolve all employment-related claims that have been or could have been brought and have reached a compromise settlement agreement to dispose of all such claims, including but not limited to, all claims against Defendant in the lawsuit captioned Patrick Martinez v. Lincoln Park Jewish Center, Inc., Case No.:  16-CV-00286 (KMK), pending in the United States District Court for the Southern District of New York ("Lawsuit").  Therefore, in consideration of the foregoing, Plaintiff and Defendant agree as follows:

          1.    **Consideration.**  In consideration for Plaintiff's timely signing this Negotiated Settlement Agreement and Release ("Agreement") and complying with the promises made by Plaintiff contained in this Agreement, including the ~~general~~ release and waiver of employment-related claims, Defendant agrees to provide Plaintiff with a ~~general~~ release and waiver of employment-related claims and the total settlement sum of Fifty-Five Thousand Dollars and Zero Cents ($55,000.00) ("the Settlement Amount").  The Settlement Amount is in consideration for and in full satisfaction of all employment-related claims, including but not limited to wage and hour claims, that Plaintiff may have against Defendant, known or unknown, asserted or unasserted, through the date of his complete execution of the Agreement.  Such payment shall be apportioned as follows:

                (a) A payment to "Patrick Martinez" in the amount of Thirty-Six Thousand Three Hundred Fifty-Six Dollars and Seventy-Five Cents ($36,356.75), less applicable taxes and withholdings;

                (b) A check made payable to "The Law Offices of Daniel Felber" in the amount of Eighteen Thousand Six Hundred Forty-Three Dollars and Twenty-Five Cents ($18,643.25), representing legal fees, costs and disbursements;

                (c) For tax purposes, the payment to Plaintiff shall be treated as back wages and

subject to Form W-2 reporting; and

     (d) The payments set forth in in paragraph 1(a) and 1(b) shall be sent to Plaintiff's counsel of record, The Law Offices of Daniel Felber, within thirty (30) days of the latest of the following: (i) Defendant's counsel is in receipt from Plaintiff of two (2) originals of this Agreement executed by Plaintiff; (ii) the date Defendant's counsel receives fully executed forms W-9 from Plaintiff and Plaintiff's counsel; and (iii) Defendant's counsel is in receipt of notice of the Court's approval of all terms of the Agreement and also in receipt of the Stipulation and Order of Final Dismissal with Prejudice of Plaintiff's Claims in the form attached hereto as Exhibit "A" signed and entered by the Court.

    2.    **No Consideration Absent Execution of this Agreement.** Plaintiff understands and agrees that Plaintiff would not receive the monies specified in paragraph "1" above, except for Plaintiff's execution of this Agreement and the fulfillment of the promises contained herein.

    3.    **Tax Liability**. Plaintiff shall be solely responsible for the payment of all taxes, interest, penalties and other liabilities or costs, except for any employer-paid payroll taxes, that may be assessed against him upon such settlement sum set forth in Paragraph 1 above. Plaintiff further agrees to indemnify and hold Defendant harmless against the payment of any such taxes, interest, penalties and other liabilities or costs owed by Plaintiff, but specifically excluding any employer-paid payroll taxes, that may be assessed against him in connection with those sums. Plaintiff acknowledges that he has not relied on any oral or other representations made by Defendant or its counsel regarding the tax consequences of any of the amounts paid pursuant to this Agreement.

    4.    **Releases.** Except with respect to the obligations contained in this Agreement, the Parties enter into mutual ~~general~~ releases as follows:

    a.    **~~General~~ Release of Employment-Related Claims by Plaintiff of Defendant Releasees**.

        i.    Plaintiff shall withdraw, in writing and with prejudice, all complaints, appeals, suits, actions, charges, allegations, claims, and/or proceedings that he has instituted against Defendant Lincoln Park Jewish Center, Inc. and any and all ~~present and former parent corporations, subsidiaries, divisions, affiliated entities, predecessor entities, successor entities,~~ insurers, and their respective present and former officers, directors, principals, trustees, administrators, executors, agents, owners, shareholders, attorneys, employees, associates, successors, heirs and assigns, individually and in their official capacities as well as any employee benefit plans sponsored or maintained by Lincoln Park Jewish Center, Inc. or plan administrators of such plans (collectively "Defendant Releasees"), including but not limited to the Lawsuit. Plaintiff authorizes his counsel to sign the Stipulation and Order of Final Dismissal with Prejudice as to Defendant Releasees in the form attached hereto as Exhibit "A." Plaintiff warrants that he has not filed or caused to be filed, and is not presently a party to any charge, complaint, appeal, suit, action, allegation, claim and/or proceeding against Defendant Releasees in any form or forum other than the Lawsuit, which Plaintiff agrees to dismiss with prejudice as to Defendant Releasees. In the event that, for any reason, any complaint, appeal, suit, action,

2

charge, claim and/or proceeding, including the Lawsuit, is not wholly and finally dismissed with prejudice as to Defendant Releasees, Plaintiff shall not obtain or accept any recovery or relief therefrom.

        ii.    Plaintiff knowingly and voluntarily releases and forever discharges Defendant Releasees of and from any actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, bonuses, controversies, agreements, promises, judgments, obligations, grievances, claims, charges, complaints, appeals and demands whatsoever, in law or equity, which he has or may have against Defendant Releasees with respect to his employment by Defendant as of the date of execution of this Agreement, whether known or unknown, asserted or unasserted, including, but not limited to, any alleged violation of: The National Labor Relations Act, 29 U.S.C. § 151 et seq.; The Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 et seq. (except for any vested benefits under any tax qualified benefit plan including any pension or 403(b) plan in which Plaintiff participates); Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.; The Civil Rights Act of 1991, Pub. L. No. 102-166; Sections 1981 through 1988 of Title 42 of the United States Code, 42 U.S.C. §§ 1981-1988; The Equal Pay Act of 1963, 29 U.S.C. § 206(d); The Vocational Rehabilitation Act of 1973, 29 U.S.C. § 791 et seq.; The Age Discrimination In Employment Act of 1967, 29 U.S.C. § 621 et seq.; The Americans With Disabilities Act of 1990, 42 U.S.C. § 12101 et seq.; The Americans with Disabilities Act Amendments Act; The Occupational Safety and Health Act of 1970, 29 U.S.C. § 651 et seq.; The Consolidated Omnibus Budget Reconciliation Act of 1985, 29 U.S.C. § 1161 et seq.; The Immigration Reform and Control Act, as amended; The Workers Adjustment Retraining Notification Act, as amended; The Sarbanes-Oxley Act of 2002; The Fair Credit Reporting Act; The Family and Medical Leave Act of 1993, 29 U.S.C. §2601 et seq.; The Fair Labor Standards Act, as amended; New York State Human Rights Law – N.Y. Executive Law, Art. 15, Vol. 14, § 290-301; New York Rights of Persons With Disabilities – N.Y. Stat., Art. 4-b of the Civil Rights Law, Vol. 5, § 47 et seq.; New York Confidentiality of Records of Genetic Tests – N.Y. Stat., Vol. 5, Civil Rights, Art. 7, § 79-1; New York Whistleblower – N.Y. Labor Law, § 740(1) et seq.; The New York Equal Pay Law, as amended; New York Statutory Provision Regarding Retaliation/Discrimination for Filing a Workers' Compensation Claim – Workers' Comp. Law § 125(1) et seq.; N.Y. Stat., Labor Law, Vol. 20, Art. 7, § 201-c; New York Equal Pay Law – N.Y. Stat., Vol. 20, Labor Law, Art. 6 § 194 et seq.; New York Equal Rights Law – N.Y. Stat., Vol. 5, Civil Rights, Art. 4, § 40-c et seq.; The New York State Civil Rights Act; The New York State Labor Relations Act; the general regulations of the New York State Division of Human Rights – New York Code of Rules and Regulations, Title 9, § 466; The New York State Labor Law; The New York Wage Hour and Wage Payment Laws; The New York Minimum Wage Law, as amended N.Y. Labor Law, Art. 19, § 651 et seq.; The New York City Administrative Code, Title 8, Chapter 1; The Code of Rules and Regulations of the State of New York, 12 N.Y.C.R.R. §§ 142-2.2 and 142-2.4; The New York City Civil Rights Law, Civil Rights Law § 40; The New York Occupational Safety and Health Laws; The New York Workers' Compensation Law; The New York Non-Discrimination for Legal Activities Law, N.Y. Labor Law, § 201-d; The New York State Constitution and amendments thereto; any other federal, state, city or local human rights, civil rights, wage-hour, wage-payment (and all wage orders and interpretations), pension, employee benefits, labor or other laws, rules, regulations, constitutions, or ordinances; any employment-related public policy, contract (whether oral or written, express or implied) or tort law, or any employment-related claim arising under the common law; any claim for costs, fees,

or other expenses, including attorneys' fees ~~incurred in these matters~~arising from the foregoing; or any other employment-related claim against Defendant Releasees, based upon any conduct occurring up to and including the date of the complete execution of this Agreement;

       iii.    In the event that Plaintiff institutes, is a party to, or is a member of a class that institutes any employment-related claim or action against Defendant Releasees, or any of them, arising from any conduct which predates this Agreement, Plaintiff agrees that his claims shall be dismissed or class membership terminated immediately upon presentation of this Agreement, and he shall execute any papers necessary to achieve this end.

      b.    **~~General~~ Release of Employment-Related Claims by Defendant of Plaintiff Releases**.  Lincoln Park Jewish Center, Inc. releases and forever discharges Plaintiff, his heirs, executors, administrators and assigns (collectively "Plaintiff Releasees"), of and from any employment-related ~~actions, causes of action, suits, debts, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, bonuses, controversies, agreements, promises, judgments, obligations, grievances,~~ claims ~~, charges, complaints, appeals and demands~~ whatsoever, in law or equity, which Lincoln Park Jewish Center, Inc. has or may have against Plaintiff Releasees as of the date of execution of this Agreement, whether known or unknown, asserted or unasserted, including any federal, state, city or local human rights, civil rights, wage-hour, wage-payment (and all wage orders and interpretations), pension, employee benefits, labor or other laws, rules, regulations, constitutions, or ordinances; any employment-related public policy, contract (whether oral or written, express or implied) or tort law, or any employment-related claim arising under the common law; any claim for costs, fees, or other expenses, including attorneys' fees ~~incurred in these matters~~arising from the foregoing; or any other employment-related claim against Plaintiff Releasees, based upon any conduct occurring up to and including the date of the complete execution of this Agreement.

     5.    **Acknowledgments and Affirmations.**  Plaintiff affirms that he has none of Defendant's property, documents, and/or confidential information in his possession or control. Plaintiff also affirms and agrees that he is in possession of all of his property that he had at Defendant, and that Defendant is not in possession of any of his property.

     Plaintiff affirms that as of the date Plaintiff signs this Agreement, Plaintiff is not Medicare eligible (i.e., is not 65 years of age or older; is not suffering from end-stage renal failure; has not received Social Security Disability Insurance benefits for 24 months or longer, etc.).  Plaintiff understands that this affirmation is a material term of this Agreement, without which Defendant would not have agreed to enter into this Agreement.  Based on these representations made by Plaintiff, Plaintiff and Defendant have determined that Medicare has no interest in any payment made under this Agreement and no reporting is required to Medicare. Nonetheless, if the Centers for Medicare & Medicaid Services (the "CMS") (this term includes any related agency representing Medicare's interests) determines that Medicare has an interest in the payment to Plaintiff under this Agreement, Plaintiff agrees to indemnify, defend and hold Defendant harmless from any action by the CMS relating to medical expenses of Plaintiff. Plaintiff agrees to reasonably cooperate with Defendant upon request with respect to any claim the CMS may make and for which Plaintiff is required to indemnify Defendant, or any of them, under this Section.  Further, Plaintiff agrees to waive any and all future actions against Defendant for any private cause of action for damages pursuant to 42 U.S.C. § 1395y(b)(3)(A).

Both parties acknowledge that this Agreement does not limit either party's right, where applicable, to file or participate in an investigative proceeding of any federal, state or local governmental agency. To the extent permitted by law, Plaintiff agrees that if such an administrative claim is made, Plaintiff shall not be entitled to recover any individual monetary relief or other individual remedies.

6. **Procedure.** After this Agreement and the Stipulation and Order of Final Dismissal with Prejudice ("the Stipulation") are fully-executed by the Parties, the Parties will jointly submit the Agreement and Stipulation to the Court for the Court's consideration and approval. The Court's approval of all provisions of this Agreement is a material term of this Agreement.

7. **Governing Law and Interpretation.** This Agreement shall be governed and conformed in accordance with the laws of the state of New York without regard to its conflict of laws provision. The Court shall retain jurisdiction over actions or proceedings based upon, including the enforcement of, this Agreement or any of its terms. In the event of a breach of any provision of this Agreement, any party may institute an action specifically to enforce any term or terms of this Agreement and/or to seek any damages for breach. Should any provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, excluding the release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

8. **Nonadmission of Wrongdoing.** The Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by Releasees of wrongdoing or evidence of any liability or unlawful conduct of any kind.

9. **Amendment.** This Agreement may not be modified, altered or changed except in writing and signed by all Parties wherein specific reference is made to this Agreement.

10. **Entire Agreement.** This Agreement sets forth the entire agreement between the Parties hereto, and fully supersedes any prior agreements or understandings between the Parties. Plaintiffs acknowledge that they have not relied on any representations, promises, or agreements of any kind made to Plaintiffs in connection with their decision to accept this Agreement, except for those set forth in this Agreement.

11. **Counterparts.** This Agreement may be executed in counterparts with all counterparts constituting the entire Agreement and with the same full force and effect as if this Agreement were not executed in counterparts. Electronic and facsimile signatures shall be deemed as originals.

**PLAINTIFF IS HEREBY ADVISED IN WRITING THAT HE IS AFFORDED UP TO**

5

TWENTY-ONE (21) CALENDAR DAYS TO CONSIDER THIS AGREEMENT. PLAINTIFF AGREES THAT ANY MODIFICATIONS, MATERIAL OR OTHERWISE, MADE TO THIS AGREEMENT DO NOT RESTART OR AFFECT IN ANY MANNER THE ORIGINAL TWENTY-ONE (21) CALENDAR DAY CONSIDERATION PERIOD.

PLAINTIFF MAY REVOKE THIS RELEASE FOR A PERIOD OF SEVEN (7) CALENDAR DAYS FOLLOWING THE DAY THAT PLAINTIFF SIGNS THIS RELEASE. ANY REVOCATION WITHIN THIS PERIOD MUST BE SUBMITTED, IN WRITING, TO JENNIFER COURTIAN, ESQ., JACKSON LEWIS P.C., 666 THIRD AVENUE, 29TH FLOOR, NEW YORK, NEW YORK, 10017.

HAVING ELECTED TO EXECUTE THIS AGREEMENT AND TO FULFILL THE PROMISES SET FORTH HEREIN AND TO RECEIVE THEREBY THE SETTLEMENT SUMS AND OTHER CONSIDERATION IN PARAGRAPH "2" AND OTHER VOLUNTARY BENEFITS SET FORTH IN THIS AGREEMENT, PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION AND DISCUSSION WITH HIS ATTORNEY ENTERS INTO THIS AGREEMENT INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS HE HAS OR MIGHT HAVE AGAINST DEFENDANT RELEASEES.

The Parties knowingly and voluntarily sign this Agreement as of the date(s) set forth below:

PATRICK MARTINEZ

Dated: _____, 2016        _____
                                Patrick Martinez


LINCOLN PARK JEWISH CENTER, INC.

Dated: _____, 2016        By: _____

6

EXHIBIT "A"

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

PATRICK MARTINEZ,

                              Plaintiff,

            -against-                         Case No.: 16-CV-00286 (KMK)

LINCOLN PARK JEWISH CENTER, INC.,

                              Defendants.

----------------------------------------------------------------x

**STIPULATION AND ORDER OF FINAL DISMISSAL WITH PREJUDICE**

            IT IS HEREBY STIPULATED AND AGREED, by and between Plaintiff Patrick

Martinez and Defendant Lincoln Park Jewish Center, Inc. that the Negotiated Settlement

Agreement and Release in this matter having been reviewed by the Court and found to be fair

and reasonable, the above-captioned action shall be dismissed as against Defendant Lincoln Park

Jewish Center, Inc. by Plaintiff in its entirety, with prejudice, in accordance with the terms of the

Negotiated Settlement Agreement and Release.    The Court shall retain jurisdiction as to

enforcement of the settlement agreement.

                              Respectfully submitted,

THE LAW OFFICES OF DANIEL FELBER          JACKSON LEWIS P.C.
100 Park Avenue, Suite 1600               666 Third Avenue, 29th Floor
New York, New York 10017                  New York, New York 10017
(212) 425-4250                            (212) 545-4000

By: _____          By: _____
        Daniel M. Felber                          Jennifer B. Courtian
                                                  Ravindra K. Shaw
        ATTORNEYS FOR PLAINTIFFS
                                                  ATTORNEYS FOR DEFENDANT
Dated: _____, 2016
                                          Dated: _____, 2016

2

SO ORDERED on this _____ day of _____, 2016.


_____
Hon. Kenneth M. Karas
United States District Judge

4835-1387-2435, v. 2
4835-1387-2435, v. 2

Formatted: Line spacing: Exactly 9 pt

3

EXHIBIT "C"

Daniel Felber, Esq.
100 Park Avenue
Suite 1600
New York NY 10017
Phone: 212.425.4250

# Attorney Time Entries

Patrick Martinez

| Date: | October 28, 2016 |
| --- | --- |

| Task | Time Entry Notes | Rate ($) | Hours | Line Total ($) |
| --- | --- | --- | --- | --- |
| Tel. Conf | w/client; review client documents; draft correspondence (cr) to client (11/4/15) | 475.00 | 0.7 | 332.50 |
| Draft | cr to former employer (11/5) | 475.00 | 3.4 | 1,615.00 |
| Review | client cr (x2) (11/6) | 475.00 | 0.4 | 190.00 |
| Review | client cr (12/15) | 475.00 | 0.1 | 47.50 |
| Draft | federal complaint (12/17) | 475.00 | 5.8 | 2,755.00 |
| Review | client cr (12/17) | 475.00 | 0.1 | 47.50 |
| Review | client cr (12/23) | 475.00 | 0.2 | 95.00 |
| Revise | complaint (1/13/16) | 475.00 | 2.3 | 1,092.50 |
| Draft | civil cover sheet and summons (1/14) | 475.00 | 0.7 | 332.50 |
| Filling | initiating documents (1/14) | 475.00 | 0.5 | 237.50 |
| Review | court notifications (1/14) | 475.00 | 0.2 | 95.00 |
| Draft | cr to process server (1/16) | 475.00 | 0.3 | 142.50 |
| Review | cr from process server (1/19) | 475.00 | 0.1 | 47.50 |
| Review | process server cr re: service (1/27) | 475.00 | 0.3 | 142.50 |
| Review | client cr (2/3) | 475.00 | 0.4 | 190.00 |
| Review | court notifications (2/4) | 475.00 | 0.1 | 47.50 |
| Tel. Conf | w/opposing counsel (opco) (2/17) | 475.00 | 0.8 | 380.00 |
| Draft | cr to client (2/17) | 475.00 | 0.1 | 47.50 |
| Review | client calendar time etries (2/24) | 475.00 | 0.8 | 380.00 |
| Calculate | overtime hours from calendars; draft cr to opco (2/24) | 475.00 | 6.2 | 2,945.00 |
| Review | opco cr; draft reply (3/2) | 475.00 | 0.1 | 47.50 |
| Tel. Conf | w/opco (3/3) | 475.00 | 1.2 | 570.00 |
| Review | Affidavit of service (3/4) | 475.00 | 0.2 | 95.00 |
| Draft | cr to opco (3/8) | 475.00 | 0.1 | 47.50 |
| Review | opco cr (3/10) | 475.00 | 0.1 | 47.50 |
| Review | court notification (3/11) | 475.00 | 0.1 | 47.50 |
| Review | client cr (3/19) | 475.00 | 0.4 | 190.00 |
| Draft | cr to opco; review reply (4/5) | 475.00 | 0.2 | 95.00 |
| Tel. Conf | w/opco; draft settlement demand (4/6) | 475.00 | 0.8 | 380.00 |
| Tel. Conf | w/opco; review opco cr; review opco cr (4/15) | 475.00 | 0.9 | 427.50 |
| Review | court notification (4/19) | 475.00 | 0.1 | 47.50 |
| Review | opco cr (5/23) | 475.00 | 0.6 | 285.00 |
| Research | re: minimum requirements for interstate commerce; t/c w/client; review client cr (5/25) | 475.00 | 2.4 | 1,140.00 |
| Draft | letter oppostion to motion to dismiss (5/25) | 475.00 | 4.5 | 2,137.50 |
| Review | court notification (5/31) | 475.00 | 0.1 | 47.50 |

| Tel. Conf | w/opco; review opco cr (6/17) | 475.00 | 0.9 | 427.50 |
|-----------|-------------------------------|--------|-----|--------|
| Draft | Cheeks motion (6/21) | 475.00 | 4.8 | 2,280.00 |
| Research | re: recent SDNY FLSA settlement opinions (7/11) | 475.00 | 0.6 | 285.00 |
| Revise | Cheeks motion (8/2) | 475.00 | 1.6 | 760.00 |
| Review | opco cr (x2); draft reply (8/3) | 475.00 | 0.2 | 95.00 |
| Review | draft settlement agreement and releases (9/9) | 475.00 | 0.8 | 380.00 |
| Revise | settlement agreement and Cheeks motion (9/9) | 475.00 | 0.5 | 237.50 |
| Draft | cr to client (9/15) | 475.00 | 0.2 | 95.00 |
| Review | client cr; draft cr to opco (9/16) | 475.00 | 0.2 | 95.00 |
| Review | court notification (9/26) | 475.00 | 0.1 | 47.50 |
| Research | more recent SDNY FLSA settlement cases (9/26) | 475.00 | 0.4 | 190.00 |
| Revise | Cheeks motion (9/30) | 475.00 | 0.5 | 237.50 |
| Review | opco cr (10/4) | 475.00 | 0.2 | 95.00 |
| Review | opco modifications of Cheeks motion (10/9) | 475.00 | 0.4 | 190.00 |
| Draft | cover letter to cort; efile letter motion and settlement agreement (10/20) | 475.00 | 0.5 | 237.50 |
| Review | court notification; t/c w/opco (10/24) | 475.00 | 0.4 | 190.00 |

| Item | Description | Unit Cost ($) | Quantity | Price ($) |
|------|-------------|---------------|----------|-----------|
| Filing fee | [01-14-16] | 400.00 | 1 | 400.00 |
| Service of Process | [01-19-16] | 93.25 | 1 | 93.25 |

|  |  |
|--|--|
|  | **23,103.25** |