UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
PATRICK MARTINEZ,

                                                                                                  **16-CV- 00286 (KMK)**

                Plaintiff,

                -against-

LINCOLN PARK JEWISH CENTER,

                Defendants,
-------------------------------------------------------------------------X

## DECLARATION OF DANIEL FELBER
## ADDRESSING QUALIFICATIONS FOR ATTORNEYS' FEES

     DANIEL FELBER, an attorney duly admitted to practice before this Court, declares, pursuant to 28 U.S.C. § 1746, as follows:

     1.     I submit this declaration in support of the parties' joint request for the Court to approve the settlement agreement in the above-captioned matter.

     2.     Beginning in 1985 and continuing to present, I have worked as an attorney in private practice. I am currently the principal of the Law Offices of Daniel Felber, located at 100 Park Avenue, New York, NY. My law firm is primarily engaged in litigation, encompassing a wide area of the law, specializing in trial and appellate representation of clients in employment-related matters in state and federal court. My resume is attached hereto as <u>Exhibit 1</u>.

     3.     Some of my prominent trials include: *Bowers v. Baker & McKenzie* (New York AIDS-based employment discrimination trial); *United States v. Albunio, et al.* (lead counsel in EDNY racketeering trial alleging wide-spread corruption in New York City's Department of Buildings); *United States v. Sheikh Abdul Rachman, et al.* (SDNY sedition trial alleging a conspiracy to bomb New York City landmarks); *Estate of Cavagnuolo v. Tristar Pictures, et al.*

(co-counsel and party in trial alleging breaches of agreement by motion picture studio related to the making of Oscar-winning feature film); *People of the State of New York v. Eliopoulos* (State trial of famous New York City night club owner on charges of facilitating narcotics use and prostitution); and *United States v. Kwan* (SDNY trial regarding charges related to theft of trade secrets and proprietary business information in the travel industry).

4. I have over thirty years of experience in the area of employment law, and have handles hundreds of employment litigations, including scores of mediations and arbitrations.

5. The hourly rate requested by plaintiff's counsel is well within the parameters of the prevailing market rates for attorneys practicing in the Southern District of New York.

6. Awards to experienced litigating attorneys in the Southern District range from $400 to $600 per hour. *Munoz v. Manhattan Club Timeshare Ass'n, Inc.,* No. 11 Civ. 7037, 2014 WL 4652481, at *4 (S.D.N.Y. Sept. 18, 2014) ($400 per hour reasonable for experienced civil rights litigator with nearly twenty years of experience); *Martinez v. Port Auth. of N.Y. & N.J.,* No. 01 Civ. 721, 2005 WL 2143333, at *26 (S.D.N.Y. Sept. 2, 2005) (awarding rates of $400 per hour to experienced attorneys with approximately twenty years of experience); *New York State Nat'l Org. for Women v. Pataki,* No. 93 Civ. 7146, 2003 WL 2006608, at *2 (S.D.N.Y. Apr. 20, 2003) (awarding a rate of $430 per hour to experienced litigators); *Rozell v. Ross–Holst,* 576 F.Supp.2d 527, 546 (S.D.N.Y. 2008) (awarding an experienced civil rights litigator fees at $600 per hour).

7. It is also respectfully submitted that the Court should not treat my status as a solo practitioner as grounds for an automatic reduction in the reasonable hourly rate, in that "overhead is not a valid reason for why certain attorneys should be awarded a higher or lower

hourly rate." *McDonald ex rel Prendergast v. Pension Plan of the NYSA-ILA Pension Trust Fund*, 450 F.3d 91, 98 (2d Cir. 2006).

8. Further, the reasonable hourly rate is the rate that a paying client is would be willing to pay. One way of establishing the rates that clients are willing to pay a certain rate is to provide documentary evidence of what clients do pay. *Robinson v. City of New York*, No. 05 CIV. 9545 (GEL), 2009 WL 3109846, at *4 (S.D.N.Y. Sept. 29, 2009) (retainers "provide some evidence that the fees requested by plaintiffs are the fee rates actually charged to paying clients"). Plaintiff's counsel has annexed to their submissions the retainer agreement, which establishes that Plaintiff agreed to an hourly rate of $475. Here, the effective hourly rate submitted in accordance with the contingency agreement is approximately $450 per hour.

9. For the foregoing reasons, Plaintiff's counsel respectfully requests that the Court grant his request for (a) an award of attorneys' fees in the amount $18,150, or approximately 33.3% of the $55,000 settlement, and (b) reimbursement of Counsel's litigation expenses in the amount of $493.25, to be paid out of the Settlement.

                                                                                    LAW OFFICES OF DANIEL FELBER

                                                                                   By *Daniel Felber*
                                                                                      Daniel Felber, Esq.
                                                                                      100 Park Avenue, Suite 1600
                                                                                      New York, NY 10016
                                                                                      212.425.4250
                                                                                      *Attorneys for Plaintiff*